CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 10 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TODD LEHRER, | ) | Civil Action No. 7:11-cv-00583 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SAMUEL V. PRUETT, | ) | By:   Hon. Jackson L. Kiser |
|     Respondent. | ) |        Senior United States District Judge |

Todd Lehrer, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges his state court convictions and the Virginia Department of Corrections' ("VDOC") calculations of his sentences. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss petitioner's claims as successive, untimely, and procedurally defaulted.

I.

The Circuit Court for the City of Roanoke convicted petitioner in 1994 following petitioner's pleas of nolo contendre to statutory burglary to commit rape, rape, statutory burglary, and using or displaying a firearm while committing a felony.[1] Petitioner appealed, arguing that his pleas were not knowing or voluntary. The Court of Appeals of Virginia denied the appeal, and the Supreme Court of Virginia refused a petition for appeal. Lehrer v. Commonwealth, No. 950979, slip op. at 1 (Va. July 28, 1995); Lehrer v. Commonwealth, No. 2190-94-3, slip op. at 1-2 (Va. Ct. App. May 4, 1995).

Petitioner filed a state petition for a writ of habeas corpus with the Supreme Court of Virginia in 1996. The Supreme Court of Virginia dismissed the petition without prejudice on

---

[1] Petitioner has remained incarcerated since the 1994 convictions.

November 25, 1996, because petitioner failed to comply with Virginia Code § 8.01-655.[2] Lehrer v. Warden, No. 961210, slip op. at 1 (Va. Nov. 25, 1996).

In May 1998, petitioner refiled a state petition for a writ of habeas corpus with the Supreme Court of Virginia, raising forty-two claims for relief, and the Supreme Court of Virginia dismissed the petition in August 1998. The Supreme Court of Virginia determined that no state writ of habeas corpus could issue based on any allegation "of which the petitioner had knowledge at the time of filing any previous petition[,]" pursuant to Virginia Code § 8.01-654(B)(2). Lehrer v. Warden, No. 981180, slip op. at 1 (Va. Aug. 5, 1998). Petitioner filed a petition for a rehearing, arguing that § 8.01-654(B)(2) should not apply because the Supreme Court of Virginia dismissed the first state habeas petition without prejudice. The Supreme Court of Virginia denied the petition for a rehearing, which it treated as a petition to set aside the judgment, in September 1998. Lehrer v. Warden, No. 981180, slip op. at 1 (Va. Sept. 18, 1998).

The court received petitioner's first federal habeas petition in November 1999. I dismissed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases because it was clear from the face of the petition that petitioner was not entitled to relief. Lehrer v. Warden Jack Lee, No. 7:99-cv-00807, slip op. at 1-3 (W.D. Va. Nov. 8, 1999). The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal on March 3, 2000. Lehrer v. Lee, No. 99-7658, slip op. at 1 (4th Cir. Mar. 3, 2000).

In June 2011, petitioner filed another state petition for a writ of habeas corpus with the Supreme Court of Virginia. Petitioner presented the following six claims for relief. First, the VDOC violated due process by failing to credit petitioner with the correct amount of Good

---

[2] Virginia Code § 8.01-655 (1996) required Virginia habeas petitions to substantially conform to Virginia's form petition.

2

Conduct Allowance.[3] Second, the VDOC violated due process by punishing him twice for the same offense. Third, the bias exemplified by the Virginia Legislature and the VDOC constituted discrimination. Fourth, the VDOC violated due process by denying petitioner educational and career credit permitted by Virginia law. Fifth, petitioner's counsel for the state criminal action provided ineffective assistance, in violation of the Sixth Amendment to the United States Constitution. Sixth, the Circuit Court violated due process by entering petitioner's criminal judgment. The Supreme Court of Virginia dismissed these claims because petitioner did not timely file the habeas petition, pursuant to Virginia Code § 8.01-654(A)(2). Lehrer v. Warden of the Coffeewood Corr. Ctr., No. 111178, slip op. at 1 (Va. Aug. 12, 2011). The Supreme Court of Virginia denied petitioner's petition for rehearing on November 14, 2011.

Petitioner executed and filed the instant federal habeas petition in December 2011. Petitioner alleges the same six claims presented to the Supreme Court of Virginia in June 2011. Respondent requests dismissal of these claims as successive, time barred, and procedurally defaulted.

II.

A.  Petitioner's third, fifth, and sixth claims must be dismissed as successive § 2254 claims.

Court records indicate that the petitioner previously filed a § 2254 petition about the convictions entered in 1994. Petitioner again collaterally attacks the same convictions in the instant third, fifth, and sixth claims about errors made by the state trial court and defense counsel.[4]

---

[3] Good Conduct Allowance is a type of time credit that the VDOC awards to a well-behaved inmate and reduces that inmate's overall length of incarceration. Va. Code § 53.1-198, et seq.
[4] Petitioner acknowledges in the response to the motion to dismiss that claim three involves the state trial court's and defense counsel's failure to explain the effect the Virginia Violent Offenders Act had on petitioner's sentence.

3

A claim presented in a second or successive § 2254 petition that was presented in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive § 2254 petition that was not presented in a prior petition must be dismissed if the successive petition has not yet been authorized by a Court of Appeals. Id. § 2244(b)(2)-(3). Plaintiff fails to establish that the Court of Appeals for the Fourth Circuit granted petitioner leave to file a successive habeas petition. Id. § 2244(b)(3). Accordingly, I dismiss claims three, five, and six without prejudice as successive because they challenge, without authorization, the facts supporting petitioner's criminal judgment already challenged by a previous habeas petition.

B. <u>Petitioner did not timely file claims one, two, and four.</u>

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[5] The one-year limitations period for claims one, two, and four began on the date on which the factual predicate of each claim could have been discovered through the exercise of due diligence.

Petitioner argues in the first claim that the VDOC violates due process by awarding petitioner good conduct allowance as a Level III inmate although petitioner is a Level I inmate.[6] Petitioner acknowledges that the erroneous classification and earning rate have continued since his admission into the VDOC in the mid-1990s as a result of his particular convictions.

---

[5] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[6] Generally, a Level I inmate earns more time off a sentence per thirty days' good behavior than a Level III inmate.

4

Petitioner argues in the second claim that the VDOC violates due process by punishing him twice for the same offense. Petitioner has known the basis of the second claim since he entered the VDOC system in the mid-1990s. Petitioner argues in the fourth claim the VDOC violates due process by denying petitioner educational and career credit. Petitioner has actually known since March 31, 2009, when the VDOC denied petitioner's request for extraordinary good-time credit, that the VDOC would not allow petitioner to earn extra good-time credit for completing VDOC educational or vocation training.

More than one year passed between when petitioner could have known of the factual predicates of these claims through the exercise of due diligence and when petitioner filed the relevant state habeas petition in June 2011. Accordingly, petitioner failed to timely file these claims, and the court must dismiss claims one, two, and four unless the court equitably tolls the statute of limitations.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstance in the record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period).

Accordingly, I find that petitioner filed claims one, two, and four beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the claims must be dismissed.

C.  Petitioner procedurally defaulted the claims sub judice in state court.

Even if the petition was timely filed, petitioner procedurally defaulted the claims sub judice. A federal habeas claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

The Supreme Court of Virginia refused petitioner's state habeas petition because the claims were not timely filed, pursuant to Virginia Code § 8.01-654(A)(2).[7] The Fourth Circuit Court of Appeals recognizes that the dismissal of a habeas claim because of Virginia's statute of

---

[7] This section states:
> A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence, except as provided in § 8.01-654.1 for cases in which a death sentence has been imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

6

limitations is a procedural default based on an independent and adequate state procedural rule. See Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999) (noting that Virginia's statute of limitations for habeas corpus petitions constitutes an adequate and independent state law ground). Therefore, the Supreme Court of Virginia dismissed petitioner's habeas petition because of an independent and adequate state procedural rule, and petitioner procedurally defaulted the claims sub judice.

A court may not review a procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. Harris, 489 U.S. at 262. A fundamental miscarriage of justice concerns a petitioner's actual innocence. See, e.g., Murray v. Carrier, 477 U.S. 478, 496 (1986). The existence of cause ordinarily turns upon a showing of ineffective assistance of counsel, a factor external to the defense that impeded compliance with the state procedural rule, or the novelty of the claim. Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (recognizing a court does not need to consider the issue of prejudice in the absence of cause). Petitioner fails to establish a fundamental miscarriage of justice or cause and prejudice to excuse the procedural default of an untimely state habeas petition. Accordingly, petitioner's claims are dismissed as procedurally defaulted.

### III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 10th day of April, 2012.

Senior United States District Judge